a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JESUS JIMENEZ-LAGOS,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-1590-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Jesus Jimenez-Lagos ("Jimenez-Lagos") (#A022774464). Jimenez-Lagos is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). At the time of filing, Jimenez-Lagos was being detained at the LaSalle Detention Center in Jena, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Jimenez-Lagos claims that his detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained in excess of six months and there is no significant likelihood of his removal in the reasonably foreseeable future.

The ICE Online Detainee Locator Service indicates Jimenez-Lagos is no longer in custody. Therefore, the Court contacted the office of the United States Attorney for the Western District of Louisiana, which confirmed that Jimenez-Lagos had been removed to Cuba.

## II. Law and Analysis

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. See Giles v. Nylcare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). Because Petitioner is no longer in DHS/ICE custody, the Court cannot order his release. Petitioner's challenge to his post-removal-order detention is now moot.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 6th day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge